**FILED**

JUN 01 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| TODD KENNETH HOROB,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DISTRICT COURT JUDGE RICHARD F. CEBULL and COURT REPORTER JOANN BACHELLER,<br><br>Defendant. | Cause No. CV 11-00055-BLG-DWM<br><br><br><br>ORDER |

This matter comes before the Court on Plaintiff Todd Horob's Complaint and letter conveying his inability to pay the fees and court costs associated with this case. (Dkt. 1). This matter was reassigned to the undersigned on May 27, 2011. (Dkt. 4).

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Along with his Complaint, Mr. Horob included a letter seeking to file his

Complaint without the payment of a filing fee. (Dkt. 1-2). The Court has construed this as a motion to proceed in forma pauperis. Based upon the information in the correspondence, it appears Mr. Horob is unable to prepay the fees associated with this action. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Horob is required to pay the statutory filing fee for this action of $350.00. The Court will assume Mr. Horob has insufficient funds to pay an initial partial filing fee but he will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Mr. Horob will be directed to forward payments from Mr. Horob's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Horob is a federal prisoner proceeding without counsel. The named Defendants are United States District Court Judge Richard F. Cebull and Court Reporter JoAnn Bacheller.

### B. Allegations

Mr. Horob submitted a one-page Complaint in which he summarily alleges "claims of emotional distress, deceptive practice, conspiracy, fraud, misconduct, altering and fabricating, for punitive damages, misleading, false statements, without evidence of witnesses to testify, tort claim, punishment, and depriving (all allegations), amendment rights have been violated." (Dkt. 1). He alleges Ms Bacheller altered and fabricated the court record in his criminal trial and Judge Cebull "entered all allegations." (Dkt. 1).

Mr. Horob seeks, "more than $25,000,000.00 in damages and punishment of term years." (Dkt. 1).

## III. PRELIMINARY SCREENING OF THE COMPLAINT

### A. Standard

As Mr. Horob is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions there of before it is served upon the defendants if it finds that the complaint is "frivolous," if it "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."

Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson, 127 S.Ct. at 2200; Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant

leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

**B. Analysis**

There are a multitude of problems with Mr. Horob's complaint. First, Mr. Horob seeks to sue the federal judge who presided over his criminal trial. Judge Cebull is entitled to absolute immunity. Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1389 (9th Cir. 1987) cert. denied, 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious

in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985).

Judge Cebull's actions in Mr. Horob's criminal proceeding were all within his official duties. He had subject-matter jurisdiction over Horob's court proceedings and is thus entitled to judicial immunity. "The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." Mullis, 828 F.2d at 1394 (9th Cir.1987), cert. denied, 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988). Cf. Pulliam v. Allen, 466 U.S. 522, 541-42, 104 S.Ct. 1970, 1980-81, 80 L.Ed.2d 565 (1984) (state officials enjoy judicial or quasi-judicial immunity from damages only).

Secondly, Horob complains his rights were violated in his criminal trial. Since his criminal conviction has not been overturned, all claims relating to his criminal trial are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been

reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. Id.

> [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

Heck, 512 U.S. at 487.

A determination in this Court regarding whether any of Mr. Horob's rights were violated during his criminal proceedings would necessarily imply the invalidity of that conviction.

Although Horob's convictions under 18 U.S.C. § 1014 and 18 U.S.C. § 1028A(a)(1) were reversed, his conviction under 18 U.S.C. § 1344 was affirmed. See Criminal Action No. 08-CR-00093-RFC, Dkt. # 99–January 4, 2011 Memorandum disposition by Ninth Circuit Court of Appeals.[1] As the conviction under 18 U.S.C. § 1344 has not been reversed, declared invalid, expunged, or called into question, Horob's claims are barred by Heck. Thus, Horob has failed to

---

[1] A court may take judicial notice of its own as well as other courts' records. See, e.g., Rand v. Rowland, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); Zolg v. Kelly (In re Kelly), 841 F.2d 908, 911 n.1 (9th Cir. 1988).

state a claim upon which relief may be granted. This is not a defect which could be cured by amendment.

Finally, these issues have already been determined or at least Mr. Horob has had the opportunity to have them reviewed. While Mr. Horob may have been convicted for lying about cows, in this case he is just beating a dead horse. Mr. Horob filed a previous lawsuit against the United States in which he alleged false imprisonment and a number of other complaints regarding his criminal proceedings in CR-08-93-BLG-RFC. Included in those allegations were allegations of an altered court transcript. (Civil Action No. 10-CV-37-BLG-RFC, Dkt. 3). That case was dismissed based upon Heck.

Since then Horob has inundated the Court, the Court reporter and the Court of Appeals with letters, motions, and other complaints regarding alleged "fabrications" in the court record. In September 2010, Judge Cebull issued an order finding that "[t]he integrity of the transcript is a matter for the parties and [the] Court to resolve in the normal course of the proceedings." (Criminal Action No. 08-CR-00093-BLG-RFC). Horob was instructed to provide his attorney with a comprehensive list of every error he believed existed in the transcript. His lawyer then reviewed the transcript and the audio tapes of the proceedings and noted no discrepancies. Judge Cebull then addressed the alleged "errors," found

none, affirmed the court reporter's certifications, and advised Mr. Horob that he would "not be permitted to take up any more of [the] Court's time or resources with these allegations unless the Ninth Circuit Court of Appeals or the United States Supreme Court so orders." (Criminal Action No. 08-CR-93-BLG-RFC, Dkt. 114, p. 3).

Despite that Order, Mr. Horob continued to complain of alterations and fabrications in the record when he moved to continue his re-sentencing hearing. (Dkt. 121). He then, through counsel, filed a request to hear the audio recording of the trial. (Dkt. 127). That motion was denied. (Dkt. 129).

As such, these issues were definitively decided in Horob's criminal proceeding. Therefore, any attempt to raise them in a civil complaint is barred by collateral estoppel. "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies." Montana v. U.S., 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a

none, affirmed the court reporter's certifications, and advised Mr. Horob that he would "not be permitted to take up any more of [the] Court's time or resources with these allegations unless the Ninth Circuit Court of Appeals or the United States Supreme Court so orders." (Criminal Action No. 08-CR-93-BLG-RFC, Dkt. 114, p. 3).

Despite that Order, Mr. Horob continued to complain of alterations and fabrications in the record when he moved to continue his re-sentencing hearing. (Dkt. 121). He then, through counsel, filed a request to hear the audio recording of the trial. (Dkt. 127). That motion was denied. (Dkt. 129).

As such, these issues were definitively decided in Horob's criminal proceeding. Therefore, any attempt to raise them in a civil complaint is barred by collateral estoppel. "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies." Montana v. U.S., 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a

party to the prior litigation." Montana, 440 U.S. at 153.

Collateral estoppel may be raised sua sponte to avoid inconsistent results and preserve judicial economy. Clements v. Airport Authority of Washoe County, 69 F.3d 321, 328-30 (9th Cir. 1995); see also Evarts v. W. Metal Finishing Co., 253 F.2d 637, 639 n. 1 (9th Cir. 1958)(a court may, sua sponte, dismiss a case on preclusion grounds "where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.").

"Federal law governs the collateral estoppel effect of a federal case decided by a federal court." Fireman's Fund Ins. Co. v. International Market Place, 773 F.2d 1068, 1069 (9th Cir. 1985). Collateral estoppel applies where "(1) the issue sought to be litigated is sufficiently similar to the issue present in an earlier proceeding and sufficiently material in both actions to justify invoking the doctrine; (2) the issue was actually litigated in the first case; and (3) the issue was necessarily decided in the first case." United States v. Weems, 49 F.3d 528, 532 (9th Cir. 1995), citing United States v. Hernandez, 572 F.2d 218, 220 (9th Cir. 1978). A civil litigant may be estopped from relitigating an issue that was "directly put in issue and directly determined in a previous criminal action." Bagley v. CMC Real Estate Corp., 923 F.2d 758, 762 (9th Cir.1991) (internal quotation omitted); see also Matthews v. Macanas, 990 F.2d 467, 468 (9th Cir.

1993) (affirming dismissal of Bivens action based on preclusive effect of Fourth Amendment ruling in previous criminal action).

Any issues Horob had with the transcript of his criminal proceeding were directly put in issue and directly determined in his criminal proceedings.

Any other issues of deceptive practices, conspiracy, fraud, misconduct, altering and fabricating, misleading, false statements, withholding evidence of witnesses to testify, and/or any other deprivations of Mr. Horob's constitutional rights during his criminal trial should have been raised in his criminal appeal. They were not. As such, this matter will be dismissed.

## IV. CONCLUSION

Judge Cebull is entitled to judicial immunity and Horob's claims are barred by the Heck doctrine and by collateral estoppel. These are not defects which could be cured by amendment. Accordingly, the Complaint will be dismissed with prejudice.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The question of whether a complaint dismissed

pursuant to Heck, 512 U.S. 477 constitutes a strike is undecided in this circuit. Andrews v. Cervantes, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). Regardless, this dismissal constitutes a strike based upon Horob's malicious filings. The Ninth Circuit has advised that when assessing whether a case qualifies as a "strike" pursuant to section 1915(g), the terms "frivolous" and "malicious" must be defined by looking to their "ordinary, contemporary, [and] common meanings." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). This dismissal will be designated as a "strike" under this provision because Horob's case is malicious. Duplicative or repetitious litigation of the same causes of action brought by prisoners proceeding in forma pauperis is subject to dismissal under 28 U.S.C. § 1915(e) as malicious. See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). Similarly, an in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of § 1915. See Cato v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995); Bailey, 846 F.2d at 1021. Horob's claims are duplicative and they have been dismissed before. As such, this Complaint constitutes a malicious filing qualifying as a strike.

**B. Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the

> district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. The finding that Horob's claims fail to state a claim upon which relief may be granted is so clear no reasonable person could suppose an appeal would have merit. Therefore, this Court will certify that any

appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

**ORDER**

1. Horob's Motion for Leave to Proceed in forma pauperis (Dkt. 1) is granted. The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on May 17, 2011.

3. Horob's Complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Horob's Complaint is frivolous, malicious, and fails to state a claim upon which relief may be granted.

5. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Horob's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint is frivolous as it lacks

arguable substance in law or fact.

Dated this \_\_15th\_\_ day of June, 2011.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court